**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LÓPEZ & MEDINA CORP. D/B/A EMMANUEL TRAVEL TOURS, | |
| Plaintiff, | CIVIL NO. 05-1595 (PG) |
| v. | |
| MARSH U.S.A., INC., D/B/A MARSH AVIATION, ET AL. | |
| Defendants. | |

## LOPEZ & MEDINA'S CROSS-MOTION FOR SUMMARY JUDGMENT ON ISSUE OF INSURANCE COVERAGE

**COMES NOW**, plaintiff, López & Medina Corp. d/b/a Emmanuel Travel Tours ("Plaintiff"), through its undersigned counsel, and respectfully submits its Cross-motion for Summary Judgment on the Issue of Insurance Coverage, and prays as follows:

1. The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). See also: Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F. 3d. 67, 77 (1st Cir. 2005).

2. In reaching such a determination the Court may not weigh the evidence. Casas Office Machs. Inc. v. Mita Copystar Am., Inc. 42 F. 3d 668 (1st Cir. 1994). At this stage, the Court examines the record "in the light most favorable to the non-movant", and indulges

all "inferences in that party's favor."Maldonado-Denis v. Castillo-Rodríguez, 23 F. 3d 576, 581 (1st Cir. 1994). Once the movant has averred that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc. 895 F. 2d 46, 48 (1st Cir, 1990).

3. "A factual issue is "genuine" if it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make a "choice between the parties' differing versions of the truth at trial. " DePoutout v. Raffaelly, 424 F. 3d 112, 116 (1st Cir. 2005); See also: SEC v. Ficken, 546 F. 3d 45,51 (1st Cir. 2008).

4. In order to defeat summary judgment the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See: Hadfield v. McDomough, 407 F. 3d 11, 15 (1st Cir. 2005). Nor will "effusive rhetoric"or "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. V. Hayes, 116 F. 3d 957, 960 (1stCir. 1997). In other words, the "party opposing summary judgment must present definitive, competent evidence to rebut the motion." Méndez Laboy v. Abbot Lab. 424 F.3d 35, 37 (1st Cir. 2005).

5. The "non-movant must produce specific facts, in suitable evidentiary form sufficient to identify a trial-worthy issue ... [f]ailure to do so allows the summary judgment engine to operate at full throttle." Méndez Laboy, Id., See also: Kelly v. U.S. 924 F. 2d 355, 358 (1st Cir. 1991) (warning that the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequences."); Medina-Muñoz 896 F. 2d at 8 (citing Mack v. Great Atl. & Pac. Tea Co., 871 F. 2d 179, 181 (1st Cir. 1989).

6. Plaintiff L & M submits this cross-motion for summary judgment on the issue of insurance coverage because there is no factual dispute or genuine issue for trial on the existence of insurance coverage under the Policy, for the type of third-party (contractual) liability that arose from Pace's insured "Airline Operations", which gave rise to plaintiff's damages.

**WHEREFORE**, and pursuant to Rule 56, Fed. R. Civ. P., Local Rule 56, the previous summary judgment record of the parties, and the arguments set forth in plaintiff's separate Statement of Uncontested Facts in Support of Cross-Motion for Summary Judgment and supporting documents, and its supporting legal Memorandum, plaintiff respectfully requests that this Honorable Court make the specific factual determinations as to the issue of coverage set forth at the end of its Statement of Uncontested Facts in Support of Cross-Motion for Summary Judgment, and enter summary judgment accordingly for plaintiff on the issue of defendants insurers' liability under the Policy, and order the parties to commence discovery and litigation on the bifurcated issue of plaintiff's damages, granting any other and further remedy it deems appropriate

**RESPECTFULLY SUBMITTED.**

**IT IS HEREBY CERTIFIED** that on this date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Diego A. Ramos, Esq., and Tomás A. Román Santos, Esq.

In San Juan, Puerto Rico, this 28th day of December, 2009.

**FERNANDO D. CASTRO LAW OFFICES**
**Attorney for Plaintiff**
**El Caribe Building, Suite 1401**
**San Juan, Puerto Rico 00901**
**Tel. (787)406-9039**
**Fax (787)781-1028**
**s/ Fernando D. Castro**
**USDC-PR No. 201414**