**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| |  |
|---|---|
| LOPEZ & MEDINA CORP., d/b/a EMMANUEL TRAVEL & TOURS,<br><br>  Plaintiff,<br><br>  v.<br><br>MARSH USA, INC., ET AL.,<br><br>  Defendants. | CIV. NO. 05-1595 (PG) |

**OPINION AND ORDER**

Before the Court is plaintiff Lopez & Medina's ("L&M" or "Plaintiff") Motion to Alter or Amend Judgment under Rule 59(e) and 60(b), for Amended and Additional Findings of Fact under Rule 52(b), and for Judgment as a Matter of Law under Rule 50(b) on the Issue of Insurance Coverage (Docket No. 92). As the motion's title indicates, Plaintiff would like the Court to alter its Judgment dismissing the case entered on March 8, 2010 (Docket No. 91) by revisiting and reconsidering its Opinion and Order (Docket No. 90). In so doing, the Court is also asked to amend or make additional findings of fact that support Plaintiff's contentions that the Court's reasoning was erroneous. For the following reasons, and primarily because Plaintiff merely rehashes its arguments that were dispelled in this Court's twenty-page Opinion, the motion is **DENIED**.

**II. Rule 59(e) Motion to Alter or Amend Judgment Standard of Review**

Although Plaintiff's self-styled motion is premised on four different federal rules of civil procedure, L&M is essentially asking the Court, by way of a post-judgment motion, to reconsider its judgment, which it argues is based on reasoning that is erroneous as a matter of law and fact. "No matter how a party titles it, 'a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)'" Negron-Almeda v. Santiago, 528 F.3d 15, 20 (1st Cir. 2008) (quoting Global Naps, Inc. v. Verizon New Engl., Inc., 489 F.3d 13, 25 (1st Cir. 2007)).

Civ. No. 05-1595 (PG)                                                    Page 2

Therefore, the Court reviews Plaintiff's motion under the Rule 59(e) standard elaborated as follows.

"Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007)). Because the movant must "clearly establish" a manifest error of law or present newly discovered evidence, it is "very difficult to prevail" on a Rule 59(e) motion. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted); see also Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 324 (D.P.R. 2005) (noting that motions for reconsideration are "typically denied"). The learned treatise Federal Practice and Procedure notes that the district court enjoys "considerable discretion" in granting or denying a Rule 59(e) motion, but that reconsidering a judgment after its entry is "an extraordinary remedy which should be used sparingly," and lists only four grounds upon which the Court should grant the motion: (1) manifest error of law or fact upon which the court's judgment is based; (2) newly discovered or previously unavailable evidence; (3) necessary to prevent manifest injustice; and (4) intervening change in controlling law. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 2009); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to a controlling decision or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.")

The First Circuit has repeatedly warned movants that "[t]he repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." Prescott, 538 F.3d at 45 (citations omitted); see., e.g., F.D.I.C. v. World Univ. Inc, 978 F.3d 10, 16 (1st Cir. 1992) ("Thus, parties should not use them to 'raise arguments which could, and should, have been made before judgment issued.'"). Furthermore, motions under Rule 59(e) "many not be used to argue a new legal theory." F.D.I.C., 978 F.2d at 16.

**III. Discussion**

The Court rejects Plaintiff's attempt to relitigate matters already decided by this Court.  This is so especially since Plaintiff merely restates the same arguments raised in its cross-motion for summary judgment and asks the Court to reconsider the same facts, in the guise of amending or finding additional facts under Rule 52(b), that the Court specifically found were precluded under Puerto Rico insurance and contract law given that the insurance policy's language at issue was clear and unambiguous. Moreover, the Court is not moved by Plaintiff's re-articulation of his previous argument that the co-defendants' Airline Insurance Form PA-01, Policy # SIHL1-200A (hereinafter "the Policy") covers a breach of contract into the argument that what Plaintiff meant to say was that the Policy covers "concomitant tort damages" caused by such breach of contract.

Plaintiff states that its "damages are not based, as erroneously assumed by the District Court, on Patriot's breach of contract of the Passenger Agreement with Plaintiff" but rather on the losses or damages arising from Patriot and/or Patriot's wrongful or intentional tort of withholding transportation.  Plaintiff argues that the Court erred when it ruled that the Policy does not cover a breach of contract action independently of its alleged concomitant torts, basing its decision on the contractual nature of Plaintiff's claim.  However, as already discussed in this Court's Opinion, quoting from Plaintiff's own cross-motion for summary judgment, "Plaintiff's allegations are precisely based on Pace's and/or Patriot's sudden wrongful failure to provide air transportation to third-party, L & M, *as contracted*." (Docket No. 90 at 11) (emphasis added).  Plaintiff's cross-motion proceeded to argue that the Policy "expressly contemplates Pace's assumption of Patriot's *contractual liability*" in its coverage for "approved contracts." (See Docket No. 85 at 7) (emphasis added).  Yet, now Plaintiff declares that its arguments were not premised on the contractual nature of the claims set forth in the Complaint, but on the concomitant tort damages that arose during the contractual relationship even though the Complaint does not once allege a tort violation and is entirely based on the claim that the alleged breach of contract is a covered insurable risk under the co-defendants' insurance policies.

As enunciated in the Rule 59(e) standard of review, the Court should

neither entertain previous arguments that have already been dispelled nor accept new legal theories like the one Plaintiff now raises and aims to persuade the Court with. Nevertheless, out of courtesy to Plaintiff, the Court will briefly address, reiterating from the Court's reasoned Opinion, why Plaintiff fails even under the theory that the Policy covers the concomitant tort of refusal of transportation arising from a breach of contract.

The Court in its Opinion explained at length why Comprehensive or Commercial General Liability ("CGL") policies are not intended to cover contractual liability arising from the insured's deliberate conduct of breaching a contract that merely causes economic losses. No matter how you paint the lily, Plaintiff's claims cannot be said to arise from tort law, especially since Plaintiff's alleged losses are economic in nature and are related to the value of completed performance under the contracts at issue: the Passenger and Charter Agreements. The Court's Opinion also forecloses Plaintiff's new legal theory when it interpreted the clause "refusal of transportation" to imply a tortious offense against a ticketed passenger who is a natural person, not a corporation like Patriot or L&M. Under this clause, the defendant insurance companies agreed to pay for the personal injury torts that Pace, the named insured, inflicted on those *natural persons* entitled to board the airplane by wrongfully refusing their right to board, for example, by discriminating against that person on the basis of disability. Under no reasonable interpretation can the Policy be read to cover Pace's refusal to provide transportation to a travel agency company like L&M under contract. L&M is neither a ticketed passenger nor a natural person engaged in boarding an airplane, whose injuries are contemplated, and thus covered, by the clause.

Not satisfied with the Court's decision, Plaintiff also repeats the argument that the Charter Agreement was an approved contract under the Policy. The Court will not reproduce its Opinion's extended reasoning explaining why the Charter Agreement is not an approved contract. However, the Court reminds Plaintiff that Puerto Rico's insurance and contract law principles discussed in its Opinion prohibit extrinsic evidence to interpret or alter the contents of a clear and unambiguous insurance contract. Business agreements entered into between Pace and Patriot and L&M cannot be considered in interpreting the plain meaning and language, if clear and unambiguous, of an insurance contract

Civ. No. 05-1595 (PG)                                                    Page 5

entered into between Pace and the United States Aircraft Insurance Group co-defendants.

It has come to the Court's attention that the Policy does provide as one of its general conditions that it expressly authorized co-defendant Marsh USA, Inc. to issue Certificates of Insurance "evidencing policy coverage" that "shall be considered part of this policy." (See Docket No. 85, Exhibit 1, at 28). Nonetheless, even if the Court admits the Certificate of Insurance as evidence, the language of the Certificate itself denies Plaintiff any recourse. The Certificate, on page 2, expressly provides that it "does not amend, extend or otherwise alter the terms; conditions, limitations or exclusions of the policies referred to herein." (Docket No. 85, Exhibit 5 at 2). "Each of the attached Insurers, individually for its policy only, has authorized the undersigned to issue this certificate on its behalf as a matter of convenience." (Id.) The Certificate of Insurance may say what it may, but it cannot alter the clear terms of the Policy. The Policy's terms of coverage clearly and unambiguously do not cover contractual liability, going as far as expressly excluding liability assumed by contract. If there is a conflict between the covered risks listed in the Certificate of Insurance and those specifically described in the Policy, the Policy's terms, conditions, limitations, and exclusions must prevail.

Finding, once again, that the Policy cannot provide Plaintiff recovery for the alleged breaches of contract, the Court refuses to make additional factual findings requested by Plaintiff consisting of extrinsic evidence that contradicts the Policy's clear and unambiguous terms.

### IV. Conclusion

For the reasons set forth above, Plaintiff's motion to alter or amend judgment (Docket No. 92) is hereby **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 12, 2010

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE